United States District Court
Southern District of Texas
**ENTERED**
February 02, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDACE LANELL WALKER-BALDWIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0287 |
| | § | |
| FBI, *ET AL.*, | § | |
| | § | |
| *Defendants* | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Candace Lanell Walker-Baldwin, proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed this civil lawsuit under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the FBI, "Psychiatry," the UTHealth Harris County Psychiatric Center, the "Houston Sheriff Department," and the "Local Police Department."

Having considered the complaint, matters of public court record, and the applicable law, the Court DISMISSES this lawsuit for the reasons shown below.

### *Factual Background and Claims*

Plaintiff claims that she is a "prisoner of the State of Texas and property of the State of Texas & Our Mother of Mercy Catholic Church and IRS."  (Docket Entry No. 1, p. 4.) Public online court records do not indicate that plaintiff is in custody or pretrial detention, and her address of record shows she currently resides in a Houston apartment complex.

Plaintiff claims that the defendants violated her rights under the "Bill of Rights, Declaration of Independence, and Constitution of the United States of America Amendments 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27." *Id.*, p. 3.  In explaining how the defendants violated her rights, plaintiff alleges as follows:

> I am [b]lack listed, I am not able to open my records that have been sealed[.] Someone is using tyranny and trying to keep me from trying to graduate college by being in my computers[,] shutting off my phones[,] cloning my phones[,] redirecting my calls.  They have sabotage [*sic*] my entire life & I am tired.
>
> Majority of my life people have been doing things like keeping secrets.  So, I don't know where it started[.]  I just know as an adult some men I have dated follow orders. I did not know it at the time but they listen to Texas, the church or my parents.  They use domestic abuse and I had started being groomed as a kid.  It's a lot.  Someone has been abasing me & humiliating me for everything I do.  My entire family seems as though they are watching and trigger [*sic*] me on everything.

*Id.*, pp. 4–5.  In stating whether she had sustained any physical injuries as a result of the defendants' actions, plaintiff reported, "Just domestic abuse from a boyfriend that they could have sent me." *Id.*, p. 5.

Plaintiff states she was unable to exhaust her grievances because "[t]hey did not have a place to file one.  I went to mental health court[.]  They lied to me & told me nothing was attached [*sic*] & the [*sic*] would not let me leave the facility unless I was coerced to lie.  And do as they demanded." *Id.*, p. 8.  Plaintiff continued: "No one in Administration would tell me the truth on how to go over there [*sic*] head.  It was like they were playing a game that

caused them to lie on everything thing [*sic*] I asked." *Id.* Plaintiff stated "[t]hey were posers & used ID's [*sic*] with other peoples [*sic*] faces. Which is identity theft or fraud." *Id.*

As judicial relief from this Court, plaintiff requests the following:

> I want all debts to be cleared[,] student loans cleared. I do not want to be property of Texas or church or family, I do not like Tyranny•Black constitution [*sic*]. I like white & regular[.] I want a chance to make my own decisions. I want the IRS to stop hunting me & the State of Texas. Give me a chance to clear everything[,] stop the secrets. I cannot live like that. They took my chances of becoming a person to make there [*sic*] own money. I would like 500,000 dollars to start over if not more.

*Id.*, p. 5.

### Analysis

#### Non-jural Defendants

Plaintiff names as defendants "Psychiatry," the "Houston Sheriff Department," and the "Local Police Department." These defendants are not actual entities. Even assuming plaintiff had named an actual sheriff and police department entity, they are not legally-recognized, jural entities capable of being sued. *See*, *e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); *Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit).

Therefore, plaintiff fails to state a viable claim for relief against these defendants, and plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE.

*Bivens Claim*

Plaintiff states that she brings one or more of her claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Under *Bivens*, a person acting under color of federal law may be held liable for violating a person's constitutional rights in certain limited circumstances.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001).   A plaintiff may not bring a *Bivens* action against the United States or its agencies, as they possess sovereign immunity from suit.  *Id.* at 69 (declining to extend *Bivens* to permit suit against federal agencies).

Here, plaintiff does not name as a defendant any federal employee or person acting under color of federal law.  Indeed, she names no individuals as defendants and no *Bivens* claim has been pleaded.  To the extent plaintiff is attempting to raise a *Bivens* claim against the FBI, her claim is DISMISSED WITHOUT PREJUDICE pursuant to *Malesko*.

*Rule 12(b)(6)*

Plaintiff's complaint is not subject to the screening provisions of sections 28 U.S.C. §§ 1915(e) and 1915A, as she is not in custody or pretrial detention.   Nevertheless, her pleading remains subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which states that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007).  *See* FED. R. CIV. P. 12(b)(6).  The factual allegations need not be detailed but "must be enough to raise a right to relief above

the speculative level." *Twombly*, 550 U.S. at 555.  The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.  *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014).  Courts may dismiss a complaint under Rule 12(b)(6) *sua sponte*.  *Carroll v. Fort James Corp*., 470 F.3d 1171, 1173 (5th Cir. 2006); *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984).

It is well established that *pro se* complaints must be held to less stringent standards than formal pleadings drafted by lawyers.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, *pro se* plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal.  A claim meets the Rule 12(b)(6) plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679.  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not entitled to the assumption of truth.  *Id*.  Moreover, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations,

unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

Here, plaintiff fails to plead factual allegations sufficient to raise a viable section 1983 or *Bivens* claim against any of the named defendants.  No factual allegations are pleaded as to the FBI or the UTHealth Harris County Psychiatric Center.  Further, even if "Psychiatry," the "Houston Sheriff Department," and the "Local Police Department" were actual legal entities, no specific factual allegations have been pleaded against them.  Instead, plaintiff's assertions focus on a lifetime of wrongs that have been done to her by unnamed, unknown, or possible perpetrators.  None of the alleged wrongs appear constitutional in nature.

Plaintiff's section 1983 and *Bivens* claims are DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(6).

### Conclusion

For the  reasons, this lawsuit is DISMISSED WITHOUT PREJUDICE.  Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas, on February _2_, 2022.

Gray H. Miller
Senior United States District Judge